| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332)     *E-FILED 03-12-2010* |

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5044
    FAX: (408) 535-5081
    James.Scharf@usdoj.gov

Attorneys for Defendant

*E-FILED 03-12-2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JO ANN JACKSON,

        Plaintiff,

v.

JOHN E. POTTER, UNITED STATES
POSTMASTER GENERAL,

        Defendant.

CASE NO. C 008-03734 HRL

**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER**

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, and pursuant to the settlement reached at the March 1, 2010, settlement conference, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiff Jo An Jackson ("Plaintiff") filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, against John E. Potter, United States Postmaster General ("Defendant").

    WHEREAS, on January 12, 2010, Magistrate Judge Lloyd issued an order granting Defendant's motion for summary judgment as to plaintiff's claim of race discrimination but denying defendant's motion for summary judgment as to plaintiff's claim of retaliatory discharge.

Settlement Agreement
C-008-03734 HRL

1     WHEREAS, on March 1, 2010, the parties participated in a settlement conference conducted by
2 Magistrate Judge Trumbull.
3     WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to
4 settle and compromise fully any and all claims and issues that have been raised, or could have been
5 raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the
6 execution of this Agreement;
7     NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and
8 other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as
9 follows:
10     1. In full and final settlement of all claims in connection with the above-captioned action,
11 Defendant shall pay Plaintiff a total sum of _SIXTY SEVEN THOUSAND FIVE HUNDRED AND xx/100 — 00_ ($67,500) dollars ("Settlement
12 Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will
13 be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any,
14 as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made
15 payable to Plaintiff and her attorney, and will be mailed to Plaintiff's attorney.
16     2. In consideration of the payment of the Settlement Amount and the other terms set forth in this
17 Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, John E. Potter,
18 United States Postal Service, Pete Hurtado and any and all of their past and present officials, agents,
19 employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages,
20 liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether
21 suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she
22 executes this Agreement, which arise from or relate to her employment with the United States Postal
23 Service.
24     3. The parties agree that the cash amount described in Paragraph 1, above, is in exchange for
25 Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay,
26 interest, attorneys' fees, costs, restitution, reinstatement and any other form of legal or equitable recovery
27
28 Settlement Agreement
C-008-03734 HRL

2

relating to her employment with United States Postal Service. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO complaints which are currently pending.

4. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will not seek employment with United States Postal Service and will, within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

5. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, John E. Potter, the United States Postal Service, Pete Hurtado, or any of their past and present officials, agents, employees, attorneys, or

Settlement Agreement
C-008-03734 HRL

3

insurers on account of the events described in Plaintiff's complaints in these actions.

8. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

9. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

10. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have, through their respective counsel, mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

11. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Settlement Agreement
C-008-03734 HRL

4

13. The signatories to this Agreement have actual authority to bind the parties.

14. Plaintiff is responsible for any and all outstanding medical liens, including any lien asserted by Kaiser, and will defend, indemnify and hold harmless Defendant in any action brought against Defendant by said lien claimants arising out of Plaintiff's failure to satisfy said liens.

DATED: March 1, 2010

_____
Jo Ann Jackson, Plaintiff

DATED: March 1, 2010

_____
Trevor Zink, Plaintiff's Attorney

DATED: March 1, 2010

_____
James A. Scharf
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 12, 2010

_____
Hon. Howard R. Lloyd
United States Magistrate Judge